## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONA K. FLOYD )<br><br>Plaintiff )<br><br>v. )<br><br>OFFICE OF REPRESENTATIVE )<br>SHEILA JACKSON LEE )<br><br>Defendant ) | Case No. 1:11-cv-01228 (RC) |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT AND TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

The Office of Representative Sheila Jackson Lee ("the Office" or "Defendant"), by and through undersigned counsel, hereby submits Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint and to Revoke Plaintiff's *In Forma Pauperis* Status ("Reply," "Opposition," and "Motion to Dismiss," respectively). As more fully explained herein, notwithstanding plaintiff's Opposition, Defendant's motion should be granted for the following reasons:

  a.  Plaintiff's Opposition completely ignores her status as a licensed attorney/ Officer of the Court and renders incredible any protestations that she did not understand the significance signing and filing a document with the court, **under penalty of perjury**, containing information that is untrue.

  b.  Plaintiff's Opposition does not deny the misrepresentations contained in her *In Forma Pauperis* affidavit, **filed under penalty of perjury**, but rather quibbles with the degree of falsehoods contained in the affidavit.

  c.  Plaintiff's Opposition does not address, and thus concedes, that plaintiff filed her 2011 tax return with the IRS, **also under penalty of perjury**, in which she was untruthful about her 2010 income and indicated that she is not disabled.

d. Plaintiff's allegation of poverty is untrue and, as such, her case **must** be
dismissed.

## I.  ARGUMENT

a. *Plaintiff's Opposition completely ignores her status as a licensed
attorney/Officer of the Court and renders incredible any protestations that she
did not understand the significance of signing and filing a document with the
court, **under penalty of perjury**, containing statements that are untrue.*

In her Opposition, plaintiff's makes the conclusory argument that it is perfectly

conceivable that her admitted failure to disclose approximately $4,209.00 in additional income in

her *In Forma Pauperis* affidavit was not "deliberate, intentional, and conscious." Opp'n at 7.

However, plaintiff's status as a licensed attorney is a significant factor in determining the

credibility (or lack thereof) of plaintiff's explanations regarding material misrepresentations

made in her *In Forma Pauperis* affidavit.

Not surprisingly, plaintiff's Opposition fails to mention or even acknowledge that she is a

licensed attorney.[1]  Rather, plaintiff focuses her argument on attempting to distinguish her

circumstances from that of the plaintiff in *Johnson v. Spellings*, 579 F. Supp. 2d 188 (D.D.C.

2008).  The *Johnson* case, which Defendant cited in its Motion to Dismiss, shows that the court

should consider an applicant's educational background, work experience, and training in

determining credibility where it is alleged that the applicant has misrepresented information

contained in an *In Forma Pauperis* affidavit.  *Id.* at 190.  Given that the court in *Johnson* was

incredulous that an accountant could be so inaccurate with numbers, this court should be equally

incredulous that plaintiff, as a lawyer, did not fully understand the need to include true/accurate

information in her *In forma Pauperis* affidavit and the seriousness of making untrue/inaccurate

---

[1] Plaintiff also holds a Masters of Art in Public Policy/Philosophy and Social Policy and was the
recipient of multiple academic scholarships and awards while in school. *See* Amended Compl.
2, ECF No. 19.

representations to the court *under penalty of perjury.* For this reason alone, the court should
dismiss plaintiff's Amended Complaint and revoke her *In Forma Pauperis* status.

> b. *Plaintiff's Opposition does not deny the material misrepresentations
> contained in her In Forma Pauperis affidavit, **filed under penalty of perjury**,
> but rather quibbles with the degree of falsehoods contained in the affidavit.*

The declaration signed by plaintiff under penalty of perjury on her *In Forma Pauperis*
affidavit states that the information provided to the court in that document is "true."[2] Yet in her
Opposition, plaintiff concedes that the information in her *In Forma Pauperis Affidavit* is not true
and that she underreported $2,976.00 in 2010 taxable income from her employment with
Defendant (the U.S. House of Representatives) and $1,232.92 in cash withdrawals taken from
her TIAA CREF and TSP retirement accounts in 2011, resulting in plaintiff underreporting
approximately $4,209.00 in income to the court.[3]  Opp'n at 3, 5, 7. Plaintiff's conceded failure
to report this additional income, **under penalty of perjury**, should result in a dismissal of her
Amended Complaint, *with prejudice.*

In her Opposition plaintiff argues that part of the rationale for underreporting her income
is that there was a "genuine oversight" in plaintiff not including student loan repayments as part
of her income. Opp'n at 3. Yet, plaintiff was well aware that, at the time she filled out and

---

[2] By requiring that the information be "true," an *In Forma Pauperis* affidavit mandates an even
higher standard than the requirement under Federal Rule of Civil Procedure 11 wherein a lawyer
or unrepresented party must represent to the court that a filing contains information that is *"true
and accurate to the best of the individual's knowledge, information, and belief."*

[3] Plaintiff's argument that the amount of her unreported income (by her calculation
approximately $4209) pales in comparison to the $562,000 unreported in the *Johnson* case
misses the mark. Plaintiff's Opposition conveniently ignores the dismissed cases cited by
Defendant in which the amounts unreported by plaintiffs were substantially less than in *Johnson*
and on par with the amount unreported by plaintiff here. *See* Mem. Supp. Def's. Mot. to
Dismiss at 12, 13 (citing cases including *Romesburg v. Trickey*, 908 F. 2d 258, 259
(8th Cir. 1990) ) (dismissing case because of applicant's omission of real estate holdings worth
$5000) (cited in *Oquendo v. Geren,* 594 F. Supp. 2d 9, 11 (D.C.C. 2009)).

signed her *In Forma Pauperis* affidavit, her student loan repayments were a part of her compensation because that was expressly stated by Defendant in its offer letter to her. Floyd Dep. Tr. Ex. 18 (attached hereto as Exhibit 1). This information was also reflected in plaintiff's monthly pay stubs during her employment with Defendant. (Attached hereto as Exhibit 2 and also attached to Plaintiff's Opp'n at Ex. 3). Plaintiff received her first student loan repayment in her March 31, 2010, pay check. Plaintiff's pay stub clearly indicates in the box for Gross Pay that plaintiff received $7500 in salary and $833 per month toward her student loans.

The notion posited in plaintiff's Opposition that she did not realize that her student loan repayment amounts counted as income because it was not paid directly to her (but instead to her student loan carrier, Sallie Mae, to reduce her loan debt) strains credibility. And, when asked what documents she referred to in completing her *In Forma Pauperis* affidavit, plaintiff responded "what I know is I would have referred to whatever information I needed to, to put here to answer the questions truthfully." Floyd Dep. Tr. at 22, 23. These documents should have prompted plaintiff to report her student loan repayments as income.[4]  In any event, the referenced documents, coupled with plaintiff's deposition testimony, demonstrate that plaintiff's misrepresentations to the court as reflected in her *In Forma Pauperis* affidavit was done *knowingly*.

A court should certainly look at a plaintiff's intent in filing misleading information if the court seeks to dismiss a case *with prejudice*. *Oquendo*, 594 F. Supp. 2d at 11 (dismissing case with prejudice and citing *Mathis v. New York Life Ins.*, 133 F.3d 546 (7th Cir. 1998) (*per curiam*)) (affirming dismissal with prejudice where court concluded that the plaintiff knowingly

---

[4] As an alternative, plaintiff's Opposition seems to suggest that she inexplicably failed to consult any document containing her actual wages. This explanation also significantly undermines plaintiff's credibility and demonstrates that she *knowingly* made material misrepresentations to the court in her *In Forma Pauperis* affidavit.

provided inaccurate information on his application to proceed *In Forma Pauperis*).

Moreover, because plaintiff concedes that the information provided in her *In Forma Pauperis*

affidavit is untrue, her case should be dismissed. *Bradshaw v. Office of the Architect of Capitol*,

856 F. Supp. 2d 126, 143-44 (D.D.C. 2012) ("[W]hen a plaintiff files an opposition to a motion

to dismiss addressing only certain arguments raised by defendant, a court may treat those

arguments that plaintiff failed to address as conceded.") (internal citations omitted).

    Further attempting to mislead the court, Plaintiff's Opposition also argues that she

actually over-reported her income on the *In Forma Pauperis* affidavit by listing her 2010 wage

income for the period of 2/23/10 – 9/17/10, when she was only required to report her income for

the twelve months preceding the date she completed the affidavit. Opp'n at 4. This argument is

a smokescreen designed to blur, if not conceal, plaintiff's admission that she failed to report **any**

of her 2010 student loan repayment income, and that the statement she made on her affidavit to

the court about the amount of her income for the relevant period as a congressional staffer is not

"true." *See* Opp'n Ex. 3.

    Tellingly, there is no affidavit attached to plaintiff's Opposition and there is no reference

to plaintiff's deposition testimony. Plaintiff's Opposition contains only legal arguments

constructed to justify or explain away plaintiff's material misrepresentations to the court in her *In*

*Forma Pauperis* affidavit. In contrast, Defendant has cited to numerous pages of plaintiff's

sworn deposition testimony demonstrating that plaintiff gave vague and evasive answers when

asked for an explanation concerning the discrepancies between what plaintiff reported to the

court as her income/assets and plaintiff's actual income/assets. *See* Mem. Supp. Def.'s Mot. to

Dismiss at 8, 9, 11. Considering plaintiff's own numbers indicating the amount of unreported

income, and plaintiff's completely incredible suggestion that she had no idea that her student

loan repayments were part of her pay, and plaintiff's evasive deposition testimony, the court has more than an adequate basis to dismiss plaintiff's case *with prejudice*.

> c. Plaintiff's Opposition does not address, and thus concedes, that plaintiff filed a 2011 tax return with the IRS, **also under penalty of perjury**, in which she was untruthful about her 2010 income and indicating that she is not disabled.

By failing to address at all the following key issues that were raised in Defendant's Motion to Dismiss pertaining to plaintiff's credibility in general and/or on the specific issue of whether plaintiff intentionally misrepresented her income to this court, plaintiff concedes them. These include:

1. Plaintiff did not include $2,800 in earned income rendering services for her sister in 2011 on her 2011 Internal Revenue Service (IRS) tax return; and

2. Plaintiff represented to the IRS in her 2011 tax return that she is not disabled whereas she has represented to this court that she is disabled.[5]

Plaintiff's Opposition tries to advance the notion that the court should disregard these issues and allow plaintiff's credibility to be assessed at trial. However, if that were the standard, there would be no avenue for motions to dismiss based on misrepresentations made in an *In Forma Pauperis* affidavit and/or for motions to dismiss and for summary judgment in general. The cases cited by the Defendant in its motion show, however, that a motion to dismiss is a proper avenue to adjudicate this very circumstance.

In sum, all of plaintiff's concessions should be given considerable weight in assessing whether plaintiff has intentionally made material misrepresentations to this court in her *In Forma Pauperis* affidavit.

---

[5] Plaintiff's representation to the IRS that she does not have a disability is relevant to the merits of this lawsuit, but Defendant's motion to dismiss the amended complaint and to revoke plaintiff's *In Forma Pauperis* status does not require the court to decide this question. Defendant raises this point here because it is **directly relevant** to the court's assessment of plaintiff's credibility on the question of whether plaintiff knowingly made materially false statements regarding her assets and income in her *In Forma Pauperis* affidavit.

> d. *Plaintiff concedes that her allegation of poverty is untrue and, as such, her case **must** be dismissed.*

The totality of plaintiff's income easily puts her over the poverty rate and provides another basis for the court to dismiss plaintiff's Amended Complaint. The legal standard for dismissing a case, without prejudice, under the *In Forma Pauperis* statute is whether "the allegation of poverty is untrue." 28 U.S.C. §1915 (e)(2)(A). *See also Oquendo* at 11 (citing *Johnson* v. *Spelling*, 579 F. Supp. 2d 188, 191 (D.D.C. 2008) (stating that the complaint "must" be dismissed where the court has determined that the allegation of poverty is untrue). In her Opposition, plaintiff never once denies that her income and assets were, in fact, above the poverty rate for the timeframe relevant to her *In Forma Pauperis* affidavit. Indeed, using only plaintiff's calculations that her net pay for the relevant time period was $13,552.50, in addition to the cash plaintiff withdrew from her retirement accounts (withdrawals of $3,002.00 in March 2011, and $2,219.09 in June of 2011 from her TIAA CREF retirement accounts and a $4,160.00 cash withdrawal from a Federal Thrift Savings Plan) and the $2,800.00 plaintiff received in income assisting her sister with errands, equals a total of $25,733.59. That amount puts plaintiff's income substantially (more than double) the 2011 poverty rate of $11,702 for a one person family unit where the person was under 65 years of age. See Mem. Supp. Def.'s Mot. to Dismiss at 13. Finally, plaintiff does not dispute Defendant's overall argument that plaintiff's allegation of poverty is untrue and thus concedes it, too.

## II. CONCLUSION

For all of these reasons, and for the reasons more fully explained in Defendant's motion to dismiss and supporting memorandum, the court should exercise its discretion to dismiss the Amended Complaint, with prejudice, because of plaintiff's knowing and material misrepresentations to the court in her *In Forma Pauperis* affidavit. Alternatively, the court *must*

7

dismiss plaintiff's Amended Complaint because plaintiff has conceded that her allegation of

poverty in her *In forma Pauperis* affidavit is untrue.

Respectfully submitted,

By: s/ Kimberly Carey Williams
Kimberly Carey Williams, VSB # 41325
Gloria J. Lett, D.C. Bar # 293365
U.S. House of Representatives
Office of House Employment Counsel
4300 O'Neill Federal Office Building
Washington, DC 20515
(202) 225-7075

DATED:   July 22, 2014